UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH WATSON and JAQUELINE
WATSON a/k/a JAQUELINE SHAW,

       Plaintiffs,

vs.

       Case No. 10-CV-12910

       HON. GEORGE CARAM STEEH

SHARON MAJEWSKI and DTG
OPERATIONS, INC. d/b/a THRIFTY
CAR RENTAL-MICHIGAN,

       Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT
THRIFTY'S MOTION FOR SUMMARY JUDGMENT REGARDING
OWNERSHIP LIABILITY AND PREMISES LIABILITY [DOC. 35]

       This action arises out of a motor vehicle accident that resulted in injuries to plaintiff Keith Watson. Defendant Majewski was the driver of the vehicle that injured plaintiff and defendant DTG Operations, Inc. ("Thrifty") rented the car to Majewski. Plaintiffs' complaint alleges negligence against both defendants, no fault liability by defendant Majewski, and a premises liability claim against defendant Thrifty. Defendant Thrifty previously filed a motion to dismiss and for summary judgment of the premises liability claim, which was denied by the court as premature pending discovery. Discovery is now over and defendant Thrifty has renewed its motion to dismiss or for summary judgment.

FACTUAL BACKGROUND

Keith Watson was returning a rental vehicle to Thrifty Rental Car at 29111 Wick Road in the City of Romulus, Michigan on June 26, 2007. Watson contends he was directed to the designated return area by Thrifty's employees. As Watson was retrieving items from the trunk of the rented vehicle, he was struck from behind by another rented vehicle being driven by defendant Majewski. Watson was diagnosed with an inferior pole patellar fracture and a femoral fracture with an 8 millimeter cartilage defect involving the patellofemoral joint of the right knee. Watson's wife, plaintiff Jaqueline Watson, allegedly suffers from a loss of consortium as a result of her husband's injuries.

Plaintiffs first allege that Thrifty was negligent in leasing the vehicle to Majewski under an ownership liability theory. Plaintiffs allege liability under Michigan's Owner's Liability Statute, MCL 247.401, as well as common law negligent entrustment. Thrifty moves for summary judgment on plaintiffs' statutory claim arguing that the Michigan statute is preempted by the federal Graves Amendment, 49 USC § 30106. Thrifty moves for summary judgment on negligent entrustment, arguing that it satisfied its duty under Michigan law to ensure that Majewski was fit to drive by relying on her driver's license.

Plaintiffs' premises liability claim alleges that defendant Thrifty is the owner and possessor of the premises, and the operator of the vehicle leasing business at issue in this case. As such, plaintiffs contend that Thrifty was obligated to maintain its premises in a reasonably safe manner and to warn business invitees of all dangers of which it knew or should have known. Plaintiffs contend that Thrifty violated its duty to warn by

having "no guards, warning signs, barriers or other similar devices available to impede or prevent a driver such as Defendant Majewski from colliding with the customer ahead in line, such as Mr. Watson." (Complaint, ¶ 29). Defendant Thrifty moves for summary judgment of plaintiffs' premises liability claim for the reason that a property owner only has a duty to protect invitees from unreasonably dangerous conditions on the land. Plaintiff Keith Watson himself testified there were no defects on the premises. (Watson dep. pp. 21-22). Thrifty argues that even if a defective condition existed on the premises, it was open and obvious.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The

3

evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

I. Preemption of Statutory Ownership Liability

MCL 257.401(3) permits claimants to recover in tort against the lessor of a motor vehicle for injuries sustained out of the operation of the lessor's vehicle while being operated by a lessee up to the statutory cap of $20,000 for each individual claimant. However, in 2005 the U.S. Congress enacted the Federal Transportation Equity Act of 2005, 49 USC 30106, which preempts ownership liability under state statute. This federal statute is commonly referred to as the Graves Amendment.

The Graves Amendment was enacted to eliminate vicarious liability for the owners/lessors of vehicles who were not at fault for the underlying injury. The Graves Amendment provides that an owner of a vehicle who is engaged in the trade or business of renting or leasing motor vehicles, is not subject to liability, by reason of being the owner of the vehicle, for harm that results or arises out of the use, operation or possession of the vehicle during the period of the rental or lease. 49 USC 30106(a).

Neither the Michigan Court of Appeals nor the Michigan Supreme Court has addressed the issue of whether 49 USC 30106 bars third-party automobile liability claims based on vicarious ownership liability under MCL 257.401(3). Thrifty cites to two cases applying Michigan law which address the issue and conclude that 49 USC 30106 preempts and bars vicarious ownership liability claims against those engaged in the business of renting motor vehicles. The Federal District Court for the Western District of Michigan found that the Graves Amendment preempts Michigan's Motor Vehicle Civil Liability Act such that owners of vehicles are not liable solely by reason of being the owner of the rented vehicle. Jasman v. DTG Operations, Inc., 533 F.Supp.2d 753, 758

(W.D. Mich. 2008).  The Oakland County Circuit Court also found that the Graves Amendment eliminates causes of action brought pursuant to MCL 257.401(3) under the doctrine of federal preemption.  Gothard v. Rose, No. 05-068393-NI (O.C.C.C. Nov. 7, 2005).

Defendant cites to courts from other jurisdictions, both state and federal, that consistently conclude that 49 USC 30106(a) bars state law ownership liability claims against those engaged in the business of renting motor vehicles.  Plaintiffs aver that there is "great debate" whether 49 USC 30106(a) is constitutional, but do not cite any case law to support this assertion.

Based on the conclusive law cited in defendant's brief, this court finds that the Graves Amendment preempts and eliminates plaintiffs' statutory ownership liability claim brought under MCL 257.401(3).

II.  Negligence

Plaintiffs allege that in addition to asserting a vicarious liability theory against Thrifty, they also allege that Thrifty was negligent in its own duties owed to plaintiffs. There is a negligence exception to the Graves Amendment at 49 USC 30106(a)(2). First, plaintiffs assert a negligent entrustment theory of liability, that Thrifty was negligent in leasing the vehicle to Majewski.  Second, plaintiffs allege a negligent facility operation theory of liability, claiming that Thrifty was negligent in the manner in which leased vehicles were to be returned to their place of operation.  Third, plaintiffs allege a negligent vehicle maintenance theory of liability.

A.  Negligent Entrustment

Plaintiffs allege in their complaint that Thrifty was negligent in the leasing of the vehicle to Majewski.  (Compl. ¶ 20).  Discovery is closed in this case and there is no evidence that Thrifty had actual knowledge that Majewski was an unfit driver.  The Michigan Court of Appeals held that the owner of a vehicle has no duty to investigate a potential renter's driving record before renting a vehicle to him.  Barksdale v. National Bank of Detroit, 186 Mich. App. 286 (1990).  Majewski had, and still has, a valid driver's license from the State of Washington.  (Majewski dep. p. 7, 11).  Absent actual knowledge that a prospective renter was an unfit driver, possession of a valid driver's license is conclusive of a renter's fitness to operate a motor vehicle for purposes of negligent entrustment.

Summary judgment is granted in favor of Thrifty and against plaintiffs on the negligent entrustment theory of liability.

B.  Negligent Facility Operation

Plaintiffs allege for the first time in their response brief that Thrifty was negligent "in the manner in which leased vehicles . . . were to be returned to their place of operation."  Plaintiffs have not presented any evidence of negligence on the part of Thrifty's employees.  Further, there is no allegation or proof that Thrifty's operations violate any rental car industry standards of care.  Plaintiff Keith Watson testified that the parking lot where he dropped off his car, and where the incident occurred, was similar to an automobile lane at a fast food restaurant, to other rental car drop-off locations, and even to the passenger drop-off area at the airport.  (Watson, dep. pp. 20-21).

7

Plaintiffs fail to produce any evidence that Thrifty was negligent in its facility operation at the rental car return area. Where plaintiff himself compares Thrifty's return area to other widely-used methods, and there is no expert testimony supporting a finding that Thrifty's set-up was negligent, there is simply no issue of fact to send to a jury. Summary judgment is granted to defendant Thrifty on this theory of liability.

C. <u>Negligent Vehicle Maintenance</u>

Again, this is a theory of negligence made for the first time in plaintiffs' response brief. Specifically, plaintiffs point out that Majewski testified in her deposition that she had put the car in park, but the car continued to move after doing so. A close reading of Majewski's testimony actually shows its equivocal nature:

> . . . I pulled behind the last car that entered, which was Mr. Watson's car, I stopped. Mr. Watson looked my way, we made eye contact.
> I, I went to move the seat back and then reached over to get the paperwork out, at which time I heard Mr. Watson hollering and I made a visual contact with what he was in front of me, and so I went to – I believed I must have had the car in drive, because otherwise there would have been no reason for him to be yelling, so I went to move the transmission into park but – or into reverse, excuse me, but it was in park, because I could not move the, the shifting mechanism up forward. So I didn't, it didn't, it seemed like forever, but then it registered I must already be in park and I put it into reverse and backed up.

(Majewski dep. p. 19). Majewski was confused about whether the car was in park or drive when she heard plaintiff yelling. Other than Majewski's own equivocal testimony, plaintiffs do not submit any evidence establishing a defect to the rental vehicle. The repair records produced during discovery do not establish notice of any malfunction of the gears or brakes prior to the subject incident. It is plaintiff's burden to prove that the vehicle was either defective or negligently maintained by Thrifty. Discovery has closed

8

in this case and plaintiffs are unable to produce any evidence aside from Majewski's testimony.

Summary judgment is granted in favor of defendant on plaintiffs' statutory ownership and negligence theories of liability.

III. Duty of Property Owner

Property owners in Michigan owe a duty to business invitees to maintain their premises in a reasonably safe condition and of exercising due care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. Riddle v. McLouth Steel Products Corp., 440 Mich. 85 (1992); Lugo v. Ameritech Corp., Inc., 464 Mich. 512 (2001) (citing Bertrand v. Alan Ford, Inc., 449 Mich. 606, 610 (1995)). "The rationale underlying this rule is that liability for injuries resulting from defectively maintained premises should rest upon the one who is in control or possession of the premises and, thus, is best able to prevent the injury." Riddle, 440 Mich. at 90 (citations omitted). The existence of a defective condition is what gives rise to a legal duty on the part of the premises owner in a premises liability action.

    A. Defective Condition

The alleged defective condition in this case is the designated return area, because of a lack of guards, barriers or other similar devices to prevent one driver from colliding with another ahead of him or her as he or she is attempting to park their vehicle. Plaintiffs have not provided any evidence regarding how the condition of the designated return area in this case deviates from the standard of normalcy, such that it rises to the level of an unreasonably defective condition. Discovery in this case is closed, and yet plaintiffs have nothing to offer in the way of standards governing rental

return area safety and protocol, or records of previous accidents in the return area at this location or other Thrifty locations which would put the defendant on notice of a dangerous condition. Thrifty's return area is admittedly similar to the passenger drop-off and pick-up lanes at the airport where there are no barriers, yet cars pull in and out, engines are left running, and passengers routinely retrieve items from their trunks. Simply, there is no evidence to support plaintiffs' argument that this case involves a dangerous condition.

Where there is no dangerous condition, there is no legal duty on the part of the premises owner, and therefore no need for the court to address the open and obvious danger doctrine.

## CONCLUSION

For the reasons set forth in this opinion and order, defendant Thrifty's motion for summary judgment is GRANTED. Thrifty is dismissed from this case, leaving only plaintiffs' claims against defendant Majewski.

Dated: October 18, 2011

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 18, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---