UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH WATSON, et al.,

          Plaintiffs,          Case No. 10-12910

vs.

                                            HON. GEORGE CARAM STEEH

SHARON MAJEWSKI and DTG
OPERATIONS, INC. d/b/a THRIFTY
CAR RENTAL-MICHIGAN,

          Defendants.
_____/

ORDER GRANTING DEFENDANT DTG OPERATIONS' MOTION
TO REVIEW CLERK'S DENIAL OF THEIR BILL OF COSTS [DOC. 44]

On October 18, 2011, this court entered judgment in favor of defendant DTG Operations, Inc., d/b/a Thrifty Car Rental. Local Rule 54.1 requires a prevailing party to file a bill of costs no later than 28 days after entry of judgment. Defendant filed a timely bill of costs on October 31, 2011, requesting $747.55 in court reporter fees incurred in the depositions of Keith Watson and Sharon Majewski. The clerk denied defendant's bill of costs the same day it was filed because it was lacking in the required supporting documentation, as well as an explanation of how the deposition transcripts were used. Defendant filed this motion for review of the clerk's denial of their bill of costs on November 7, 2011. For the reasons stated, defendant's motion is GRANTED.

Taxable costs, which a prevailing party is entitled to as a matter of course so long as they file a properly supported bill of costs, are set out in 28 U.S.C. § 1920. See also, Fed. R. Civ. P. 54(d)(1). These costs include fees of the court reporter for transcripts necessarily obtained for use in the case.

Defendant seeks payment of $747.55 in costs for depositions used in support of its motion for summary judgment. In its motion challenging the clerk's denial of costs,

defendant provides proper documentation in the form of invoices from the court reporting companies.  Plaintiff objects that the documentation is no longer timely, since the 28 days for filing an original bill of costs has expired.  In fact, the time period for filing a bill of costs expired 28 days after entry of judgment, which would be November 15, 2011.  Defendant provided the invoices to the court on November 7, 2011, well within the original 28 day period, as well as within the period provided for seeking review of the clerk's denial.

The court finds that defendant's bill of costs is now properly supported in the requested amount of $747.55.  Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for review is GRANTED.

So ordered.

Dated:  December 7, 2011

>S/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 7, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---